# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LICEA JIMENEZ,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br>LARRY SMALL, Warden, et al.,<br><br>　　　　　　　　　Respondents. | Civil No.　　　09cv2031 BTM (NLS)<br><br>**REPORT AND RECOMMENDATION RE GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

## I.　INTRODUCTION

Petitioner Daniel Licea Jimenez has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for second degree murder and use of a firearm in San Diego Superior Court case number SCD 143996. Respondent has filed a motion to dismiss the petition, arguing that it was filed beyond the statute of limitations and is unexhausted. (Mem. of P. & A. Supp. Answer.)

The Court has considered the Petition, Respondent's Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss, Petitioner's Opposition to the Motion, Petitioner's Supplemental Documents in Support of the Opposition, the Lodgments submitted by Respondent, and all other supporting documents submitted by the parties. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED.**

///

## II. PROCEDURAL BACKGROUND

Jimenez pleaded guilty to second degree murder, use of a firearm and being a felon in possession of a firearm on May 25, 1999. (Lodgment No. 3, Exh. 22 at 11-21.) He also admitted a prior serious felony conviction. (*Id.*) Jimenez sought to withdraw his plea shortly thereafter. (Lodgment No. 3, Exh. 24.) The motion was denied and he was sentenced to twenty-eight years-to-life in state prison. (Lodgment No. 3, Exh. 20; Lodgment No. 1 at 1.) According to Respondent, there is no record of Jimenez appealing his conviction.

On May 7, 2007, Jimenez filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court, which denied the petition in a written, unpublished opinion dated June 29, 2007. (Lodgment Nos. 1, 2.) He then filed a Petition for Writ of Habeas Corpus in the California Court of Appeal for the Fourth Appellate District, Division One, which denied the petition in a written, unpublished opinion dated September 17, 2008. (Lodgment Nos. 3, 4.) Finally, he filed a Petition for Writ of Habeas Corpus in the California Supreme Court on August, 21, 2009 which was still pending at the time Jimenez filed the instant federal petition. (Lodgment Nos. 5, 6.) The California Supreme Court denied the petition during the pendency of this case. (Pet'rs Supp. Docs.: Update on Cal. Sup. Ct.'s Action [doc. no. 15].)

Jimenez filed a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 in this Court on September 17, 2009. (Doc. No. 1.) Respondent filed a Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss on December 9, 2009. (Doc. Nos. 11, 11-1.) Petitioner filed an Opposition to the Motion to Dismiss on January 5, 2010 and a document entitled "Supplemental Documents: Update on California Supreme Court's Action" on January 22, 2010. (Doc. No. 15.)

## III. DISCUSSION

In the motion to dismiss, Respondent argues Jimenez's petition is both untimely and unexhausted. (Mem. P. & A. Supp. Mot. to Dismiss at 3-6.) For the reasons set forth below, the Court concludes that Jimenez's petition is exhausted but time barred under 28 U.S.C. § 2244(d)(1). Accordingly, the Court **RECOMMENDS** that the motion be granted in part and denied in part and that the petition be **DISMISSED** with prejudice.

///

A. *Timeliness*

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute of limitations, however, is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

### 1. Commencement of the One-Year Statute of Limitations

Jimenez's conviction became final on October 11, 1999, sixty days after the San Diego Superior Court pronounced judgement.[1] *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002) (holding that a conviction becomes final, within the meaning of section 2244(d)(1)(A), on the last day the defendant can seek review).[2] Absent any statutory or equitable tolling, Jimenez had until October 10, 2000 to file his federal habeas petition. 28 U.S.C. § 2244(d); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a), which states "[i]n computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included" to AEDPA). The instant petition was filed on September 17, 2009.

### 2. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . .is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Jimenez is not entitled to any statutory tolling under this provision, however, because the statute of limitations had expired six and a half years before he filed his first state habeas corpus petition on May 7, 2007. (Lodgment No. 1.)

---

[1] Sixty days after August 11, 1999 is October 10, 1999, which fell on a Sunday.

[2] In its opinion denying Jimenez's habeas corpus petition, the San Diego Superior Court stated that Jimenez's direct appeal was denied on September 14, 2000. According to Respondent, however, there is no record of any direct appeal having been filed by Jimenez, Jimenez states in his petition that he did not appeal and an independent search by the Court of the California Court of Appeal website and Westlaw failed to locate any direct appeal by Jimenez. (*See* Lodgment No. 2 at 2; Mem. P. & A. Supp. Mot. to Dismiss at 2; Pet. at 2.) The statement by the Superior Court appears to be a simple error.

### 3. Equitable tolling

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007), quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Jimenez has not alleged he is entitled to equitable tolling, nor are there in any facts in the record before the Court which would appear to entitle him to such tolling. The Court therefore concludes the petition is untimely, and must be dismissed with prejudice under 28 U.S.C. § 224(d).

### B. *Exhaustion*

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

Respondent argues the petition must be dismissed because the claim it contains is unexhausted. (Mem. P. & A. Supp. Mot. to Dismiss at 5-6.) Jimenez filed a petition for writ of habeas corpus in the California Supreme Court on August 21, 2009 which contained the same claim as he seeks to bring in the current federal petition. (*See* Lodgment Nos. 5, 6.) At the time the instant petition was filed, the California Supreme Court had not yet ruled on the petition. During the pendency of this case, however, the court issued a denial of the petition on January 21, 2010. (*See* Pet'rs Supp. Docs: Update on Cal.

Sup. Ct.'s Action [doc. no. 15].) Petitioner's claim is therefore exhausted, and the Court recommends the motion to dismiss be **DENIED** on exhaustion grounds.

## IV. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States Chief District Judge Barry Ted Moskowitz under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered granting in part and denying in part the Motion to Dismiss and dismissing the Petition with prejudice.

**IT IS ORDERED** that no later than **March 9, 2010,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 19, 2010**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED:  February 16, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court